IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BUSH SEISMIC TECHNOLOGIES LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Case No. 2:14-cv-1809-JRG |
| v. | § | |
| | § | |
| AMERICAN GEM SOCIETY, ET AL. | § | |
| | § | |
| *Defendant*. | | |

## ORDER

Before the Court is Defendant Global Geophysical Services, Inc.'s ("Global") Motion to Dismiss Due to Bankruptcy Discharge and Failure to State a Claim (Dkt. No. 10, "Mot."). Having considered the same, and for the following reasons, Defendant's Motion is **DENIED-IN-PART** and **GRANTED-IN-PART**.

## BACKGROUND

Global is a Houston, Texas company which provides an integrated suite of seismic data solutions to the oil and gas industry. On March, 25, 2014, Global filed for Chapter 11 bankruptcy protection. *See In re Global Geophysical Services Inc.*, Case No. 14-20131, Dkt. No. 1 (Bankr. S.D. Tex. Mar. 25, 2015, consolidated with *Autoseis, Inc.*, Case No. 14-20130, Dkt. No. 75 (Bankr. S.D. Tex. Mar. 28, 2014) (hereafter "Global Bankr."). Global's Chapter 11 reorganization plan (the "Plan") was confirmed on February 6, 2015. Global Bankr., Dkt. No. 987. Consistent with the "fresh start" goal of bankruptcy, the Plan serves as a "judicial determination of discharge of all Claims and Equity Interests" prior to February 6, 2015 ("Effective Date"). *Id.*, Ex. A § 12.3. To enforce Global's "fresh start," the Plan permanently enjoins all entities from commencing or continuing any causes of action against Global for

claims arising prior to the Effective Date. *Id.* at § 12.8. The Plan provides no protection from claims arising from Global's conduct after the Effective Date.

On November 23, 2015, Plaintiff Bush Seismic Technologies LLC ("Bush") filed the present case, alleging that Global "has and continues to directly infringe one or more claims of [U.S. Patent No. 6,236,942]." (Compl. ¶ 16). Bush also claims that the infringement is willful based on allegations that Global had knowledge of the '942 patent at least as early as the filing of the Complaint and nevertheless continued to infringe the patent. (*Id.* ¶¶ 17–20). Bush further alleges that Global indirectly infringed the '942 patent by inducing its customers and partners to infringe. (*Id.*).

## LEGAL STANDARDS

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). In deciding a Rule 12(b)(6) motion, it is proper to take judicial notice of matters of public record, including bankruptcy proceedings. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Willful infringement requires a showing that: (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and (2) the risk of infringement "was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). "At the pleading stage, a plaintiff alleging a cause of action for willful infringement must plead facts giving rise to at least a showing of objective recklessness of the infringement risk. . . . Actual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement, but the complaint must adequately allege factual circumstances in which the patents-in-suit [are] called to the attention of the defendants." *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012); *see also Ganas, LLC v. Dell Inc.*, Case No. 2:12-cv-324-JRG-RSP, 2013 U.S. Dist. LEXIS 123299 (E.D. Tex. July 25, 2013) ("What suffices is a complaint alleging that defendants received notice of the patent-in-suit and that their continued alleged infringement is objectively reckless.").

To state a claim for induced infringement, a plaintiff must allege facts showing that the defendant specifically intended a third party to infringe the plaintiff's patent and knew that the third party's acts constituted infringement. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006). Knowledge of infringement alone, however, is not enough. "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* at 1306.

## ANALYSIS

Global first argues that Bush's infringement claims are "plainly barred by Global's bankruptcy proceedings." (Mot. at 8). To the extent that Bush seeks to recover damages for Global's infringement prior to the bankruptcy confirmation, the claims are barred. However, it is black-letter law that a bankruptcy discharge does not apply to an entity's acts of infringement after it emerges from bankruptcy. *Hazelquist v. Guchi Moochie Tackle Co., Inc.*, 437 F.3d 1178, 1180–81 (Fed. Cir. 2006) (holding that because "each act of patent infringement gives rise to a separate cause of action" bankruptcy does not bar claims arising from infringing activities occurring after discharge). Rather than seek to dismiss claims related to its pre-confirmation activities, Global is asking the Court to dismiss *all* of Bush's claims—even those based on post-confirmation activity. The law does not support Global's apparent contention that pre-bankruptcy acts of infringement encapsulate all further infringing behavior. Moreover, Bush expressly acknowledges that it "does not assert any claim arising prior to the date Global emerged from chapter 11 bankruptcy protection." (Dkt. No. 27 at 3). The only activity at issue is Global's alleged post-confirmation infringement, which is not barred. Global's motion to dismiss all claims due to its bankruptcy discharge is **DENIED**.

Global also contends that post-filing conduct is insufficient as a matter of law to support claims for willful infringement and induced infringement. (Dkt. No. 33, "Reply" at 3). Claims for willful and induced infringement necessarily require allegations that the accused infringer knew of the patent. *In re Seagate*, 497 F.3d at 1371; *DSU Med.*, 471 F.3d at 1304. There is little practical difference between a pre-complaint notice letter informing a defendant about infringement allegations and a formal complaint alleging the same. *See Affinity Labs of Texas,*

*LLC v. Alpine Elecs. Of Am., Inc.*, No. 9:08-cv-171, 2009 WL 9091275, at *4 (E.D. Tex. Sept. 2, 2009); *Clouding IP, LLC v. Google Inc.*, No. 12-639-LPS, 2013 WL 5176702, at *1 (D. Del. Sept. 16, 2013). However, "in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct." *In re Seagate*, 497 F.3d at 1374.

It is clear to the Court that Bush's willfulness and induced infringement claims are grounded exclusively in conduct occurring as of and after the filing of its complaint. When filing its complaint, Bush was required to have a good faith basis for alleging willful and induced infringement. Fed. R. Civ. P. 8, 11(b). However, Bush could not have had a good faith basis to allege willful and induced infringement based on post-suit conduct that had not yet occurred. *See In re Seagate*, 497 F.3d at 1374 ("So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."). A patentee should not prospectively allege post-filing conduct in an original complaint. Rather, if claims for willful or induced infringement arise after the lawsuit is filed, the patentee should amend its complaint to include such claims. Since Bush's willfulness and induced infringement claims, which were included in the original complaint, are grounded exclusively in Global's post-filing conduct, these claims must be dismissed. Accordingly, Global's motion to dismiss Bush's claims for willful infringement and induced infringement is **GRANTED**; however, such dismissal is without prejudice to reasserting the same claims in an amended complaint that would avoid the failures noted above.

## CONCLUSION

Having considered Global's motion (Dkt. No 10), and for the foregoing reasons, the Court concludes that Global's motion to dismiss all claims in light of the prior bankruptcy proceedings is **DENIED**. Global's motion to dismiss Bush's claims for willful infringement and

induced infringement is **GRANTED WITHOUT PREJUDICE**. The Court further grants Global leave to amend the Complaint within 14 days to comply with the holdings in this order.

**So ORDERED and SIGNED this 13th day of April, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE